| | |
|---|---|
| TYRONE WALLACE,<br>CDCR #P-48941,<br><br>                                    Plaintiff,<br><br>                    vs.<br><br>CCII R. OLSON, Appeals Coordinator;<br>CCII J. RAMIREZ, Appeals Coordinator,<br><br>                                    Defendants. | Case No.: 3:16-cv-01917-AJB-NLS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**2) DENYING MOTION TO APPOINT COUNSEL [ECF No. 4]**<br><br>**AND**<br><br>**3) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(ii) AND 1915A(b)(1)** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TYRONE WALLACE ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF. No. 1). Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead,

he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). Plaintiff has also filed a Motion to Appoint Counsel (ECF No. 4).

## I.     Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his Inmate Statement Report as well as a prison certificate certified by a Senior Accounting Officer at RJD. *See* ECF No. 2 at 6-11; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that while Plaintiff had an average monthly balance of $6.58 and average monthly deposits of $14.50 to his account over the 6-month period immediately preceding the filing of his Complaint, he had an available balance of zero at the time he filed it. *See* ECF No. 2 at 6. Thus, the Court assesses Plaintiff's initial partial filing fee to be $2.90 pursuant to 28 U.S.C. § 1915(b)(1), but acknowledges he may be unable to pay even that small initial fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to exact the initial $2.90 initial filing fee because his prison certificate indicates he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II.    Motion to Appoint Counsel

Plaintiff has also filed a Motion for Appointment of Counsel (ECF No. 4). Plaintiff claims to have a learning disability that makes it difficult for him to understand the

1  "complexity of federal court orders" and he contends he has had other "legal pleadings
2  denied" because he has "bad handwriting" which is "hard to decipher." (ECF No. 6 at 3-
3  4.)
4     First, the Court finds Plaintiff's Complaint sufficiently legible, assures him that all
5  documents filed pro se are "liberally construed," and notes that "a pro se complaint,
6  however inartfully pleaded," is held to less stringent standards than formal pleadings
7  drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and
8  quotation marks omitted). Moreover, FED. R. CIV. P. 8(e) requires that "[p]leadings …be
9  construed so as to do justice."
10    Second, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept.*
11 *of Social Services*, 452 U.S. 18, 25 (1981). While under 28 U.S.C. § 1915(e)(1), district
12 courts have some limited discretion to "request" that an attorney represent an indigent
13 civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).
14 this discretion is rarely exercised and only under "exceptional circumstances." *Id.*; *see*
15 *also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional
16 circumstances requires "an evaluation of the likelihood of the plaintiff's success on the
17 merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the
18 complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*
19 *v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).
20    Under these circumstances, the Court must DENY Plaintiff's Motion to Appoint
21 Counsel (ECF No. 4) without prejudice because, as discussed below, a liberal
22 construction of his Complaint suggests Plaintiff is capable of articulating the factual basis
23 for his claims in this case, and that the likelihood of his success on the merits is not at all
24 yet clear at this preliminary stage of the proceedings. *Id.* Therefore, neither the interests
25 of justice nor any exceptional circumstances warrant appointment of counsel at this time.
26 *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.
27 ///
28 ///

### III. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

#### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting

///

this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Finally, in deciding whether Plaintiff has stated a plausible claim for relief, the Court may consider exhibits attached to his Complaint. *See* FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426 (9th Cir. 1978) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss.)).

### B. Plaintiff's Allegations

Plaintiff claims that RJD Appeals Coordinators Olson and Ramirez denied his First Amendment right to access to the courts in February and March 2013 by "screen[ing] out" several CDC 602 inmate appeals he attempted to file in response to a CDC 115 Serious Rules Violation and disciplinary conviction, RJD Log No. FC-12-492, issued against him on November 15, 2012, for fighting with his cellmate. (*See* ECF No. 1 at 3-4, 16-20.) Plaintiff seeks $500,000 in general and punitive damages pursuant to 42 U.S.C. § 1983. (*Id.* at 7.)[2]

### C. Access to Court

Prisoners have a constitutional right to access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996).[3] The right is limited to the filing of direct criminal appeals, habeas

---

[2] On October 5, 2016, Plaintiff filed an additional Notice requesting that the Clerk replace a page of his Complaint with another because he "forgot to cite 42 U.S.C. § 1983" in his cause of action. (ECF No. 6.) The Court directed the Clerk to file Plaintiff's Notice and has reviewed the substituted page as though it were part of Plaintiff's original Complaint.

[3] Prisoners have no constitutional right to a favorable or effective grievance procedure, however. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted);

petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference.").

However, Plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. *Harbury*, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417. Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415.

Plaintiff's Complaint fails to allege the actual injury required to state an access to courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. Plaintiff does claim Defendants rejected and/or cancelled four CDC 602 appeals, Log Nos. RJD-C-13-00598,

---

*Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.") (citations omitted).

Log No. RJD-C-13-0870, Log No. RJD-C-13-00163, and Log No. RJD-C-13-1141, all related to his December 2012 disciplinary conviction, (ECF No. 1 at 3-4, Ex. 1 at 9-20, Ex. 3 at 26-28), and that this presented an "obstacle" and caused "hindrance" to his ability to challenge his disciplinary conviction.[4] (*Id.* at 3). But he fails to include any further "factual matter" to show how or why either Defendant Olson or Ramirez's decisions to "screen out" any of these administrative appeals caused him to suffer "actual prejudice" "such as the inability to meet a filing deadline or to present a claim," with respect to any non-frivolous direct appeal, habeas petition, or civil rights action he filed, or even sought to file. *Lewis*, 518 U.S. at 348; *Jones*, 393 F.3d at 936; *Iqbal*, 556 U.S. at 678. "Actual injury is not demonstrated by the simple fact that a prisoner is 'subject to a governmental institution" that he claims 'was not organized or managed properly.'" *Lewis*, 518 U.S. at 350.

///

///

---

[4] Plaintiff's exhibits show CDC 602 Log No. RJD C-13-00598 was rejected twice by Defendants Olson and Ramirez on February 4, 2013, and again on February 21, 2013, pursuant to CAL. CODE REGS., tit. 15 § 3084.6(b)(7) because it "was missing necessary supporting documents." (ECF No. 1, Ex. 1 at 9, 10.) Plaintiff was twice advised his grievance was insufficient because it was not accompanied by the original CDC 115/115A Rules Violation Report he sought to challenge, as was required by CAL. CODE REGS., tit. 15 § 3084.3, and that he needed to "re-write the appeal on a new CDCR 602 form." (*Id.* at 10.) CDC 602 Log No. RJD C-13-00870 was rejected on February 28, 2013 for the same reasons, as was CDC 602 Log No. RJD-C-13-00163. (*Id.* at 12, 28.) CDC 602 Log No. RJD-C-13-01141, on the other hand, was rejected pursuant to CAL. CODE REGS., tit. 15 § 3084.6(b)(1) on March 28, 2013, because it "concern[ed] an anticipated action or decision," and was subject to further cancellation to the extent it appeared to be an attempt to appeal the previous rejection of CDC 602 Log No. RJD-C-13-00163. (*Id.* at 25.) *See also* CAL. CODE REGS., tit. 15 § 3084.7(c)(3) (permitting cancellation of an inmate's continued submission of appeals rejected for failing to submit necessary supporting documents without a "reasonable explanation of why the correction was not made or documents are not available.").

For these reasons, the Court finds Plaintiff's access to courts claims against Defendant Olson and Ramirez must be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### D. Leave to Amend

Because Plaintiff is proceeding without counsel, and he has now been provided with notice of his Complaint's deficiencies, the Court will grant him leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### IV. Conclusion and Order

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 4).

5. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and

**GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within that time, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: November 14, 2016

Hon. Anthony J. Battaglia
United States District Judge